**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Ozel Clifford BRAZIL, a/k/a Ozell Clifford Brazil; Reverend Dr. O. Cliff Brazil, Defendant—Appellant.**

**No. 03–50555.**
**D.C. No. CR–02–00882–SVW.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Aug. 1, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald L. Cheng, David Vaughn, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Edward M. Robinson, Law Offices of Edward M. Robinson, Torrance, CA, for Defendant–Appellant.

Before PREGERSON, CANBY, and BEEZER, Circuit Judges.

## MEMORANDUM**

Brazil was convicted of seven courts of mail fraud and seven counts of student financial assistance fraud, in violation of 18 U.S.C. § 1341 and 20 U.S.C. § 1097. Brazil appealed, challenging (1) the sufficiency of the evidence supporting his conviction, and (2) the sentence enhancements that the district court applied.

We affirm the conviction because the evidence sufficiently supports the jury's finding that Brazil committed mail fraud.

1) Brazil's scheme or plan was to obtain financial aid by omitting income and assets from the "Free Application for Federal Student Aid" ("FAFSA"), usually by having the student falsely indicate that he or she was an orphan or ward of the court, even though Brazil knew this to be false.

2) Brazil knew that claiming to be an orphan or ward of the court, or omitting assets or income, was material to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the student's financial aid award because lower income results in a greater financial aid award.

3) Brazil's intent to defraud is evidenced by his telling parent clients to have their children claim to be orphans, telling parents to have "dummy" tax returns and W–2s made in order to support under-reporting their true income, failing to list himself as a preparer on any of the FAFSAs, writing false letters, and the undercover recording in which Brazil made a client and his $85,000 income disappear.

4) Testimony established that all of the FAFSAs and FAFSA signature pages were mailed.

See 9th Cir.Crim. Jury Instr. 3.1 § 8.101 (2003); 18 U.S.C. § 1341. Similarly, the evidence supports the jury's federal financial aid fraud verdict.

1) Brazil made false statements regarding students' support and relationships with their parents to financial aid officers who were deciding whether to grant Title IV funds to the students.

2) The amount of Title IV money for each student was in the thousands of dollars.

3) The financial aid officers all testified that Brazil's statements were material to their decision to grant Title IV money to the student.

4) The students, parents, and financial aid officers testified that Brazil operated a program in which he taught high school students how to commit fraud to obtain financial aid to pay for college.

5) During his weekly lectures, Brazil taught his class how to obtain financial aid by hiding their families' true income.

6) During private meetings, Brazil gave specific advice on how the individual student should commit financial aid fraud, typically telling students in the presence of their parents to apply as if they had no contact or support from their parents.

7) Frequently, Brazil or his assistants falsely filled out and filed the federal financial aid forms for the student, without always notifying the student that he was being listed as an orphan or ward of the court.

8) When colleges requested proof to support the false information in the financial aid applications, Brazil wrote letters, and sometimes made telephone calls, to the colleges affirming the falsehoods.

9) Financial aid officers from each of the defrauded colleges testified that they relied on the (false) content of Brazil's letters as the basis for performing a "dependency override" and awarding each of those pupils more than $200 of Title IV funds.

20 U.S.C. § 1097; see also Bates v. United States, 522 U.S. 23, 118 S.Ct. 285, 139 L.Ed.2d 215 (1997).

■ Brazil asserts that he is entitled to be re-sentenced because the district court enhanced his sentence on the basis of factors not found by the jury. Pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir.2005) (en banc), we "remand to the district court ... for the [limited] purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." Id. at 1074. On remand, the district judge shall give Brazil an opportunity to opt out of resentencing if he is no longer interested in pursuing it. See id. at 1084.

CONVICTION AFFIRMED; SENTENCE REMANDED.